# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NAPOLITANO, | CASE NO. 1:08-cv-01980-YNP PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT, OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| R. ARCHULETA, et al., | |
| Defendants. | (Doc. 15) |
| | RESPONSE DUE WITHIN 30 DAYS |

Plaintiff David Napolitano ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and was incarcerated at Wasco State Prison at the time the events in his complaint took place. Plaintiff is suing under section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names correctional officer R. Archuleta and his supervisors as defendants. For the reasons set forth below, Plaintiff's complaint will be dismissed and Plaintiff will be ordered to either notify the Court of his willingness to proceed only on the claims found to be cognizable in this order, or file an amended complaint curing the deficiencies identified by the Court in his non-cognizable claims.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
5  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6       In determining whether a complaint fails to state a claim, the Court uses the same pleading
7  standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must
8  contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.
9  R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual
10 allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me
11 accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.
12 Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,
13 accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550
14 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's
15 liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id.
16 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual
17 allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.
18 Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
19 statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

20 **II.     Background**
21      **A.     Procedural Background**
22      Plaintiff filed the Original Complaint in this action on December 30, 2008.  (Doc. #1.)  The
23 Court screened Plaintiff's Original Complaint on May 11, 2009.  (Doc. #7.)  The Court found that
24 Plaintiff's Original Complaint stated some cognizable claims and ordered Plaintiff to notify the
25 Court of his willingness to proceed only on the cognizable claims, or to file an amended complaint
26 curing the deficiencies in his non-cognizable claim.  Plaintiff filed his First Amended Complaint on
27 September 28, 2009.  (Doc. #15.)  This action proceeds on Plaintiff's First Amended Complaint.
28 ///

B.    **Factual Background**

Plaintiff claims that Defendant Archuleta used excessive force against Plaintiff in violation of his rights under the Eighth Amendment. Plaintiff also claims that he is not receiving sufficient medical treatment for the injuries he sustained from Archuleta's attack.

On March 7, 2008, Plaintiff was involved in a fight with another inmate. Plaintiff heard the alarm go off and Archuleta sprayed Plaintiff in the face with pepper spray. Archuleta ordered Plaintiff to get down and Plaintiff went down on his stomach with his hands stretched over his head. Archuleta then yelled "too late mother-fucker" and stomped on Plaintiff's lower back while striking Plaintiff with his baton. Plaintiff later learned that his arm was broken from the attack.

Plaintiff was prescribed Vicodin for his pain. Plaintiff did not receive pain medication until March 13, 2008. Initially, Plaintiff was not given Vicodin and was instead given Tylenol. Plaintiff reported to the doctor that the Tylenol was making him sick, so his Tylenol was discontinued. Plaintiff was prescribed Vicodin again. However, Plaintiff did not receive Vicodin and because his Tylenol was discontinued, did not receive any pain medication. Plaintiff was told that Vicodin had to be approved by the chief medical officer. Plaintiff saw a doctor again on April 4, 2008 and a screening was done to prep Plaintiff for surgery. Plaintiff was again prescribed Vicodin. On April 8, 2008, Plaintiff received surgery and a plate was inserted into his forearm to repair the bone. Plaintiff was released on April 12, 2008 and finally began receiving Vicodin. Plaintiff saw a doctor for the injuries to his back and received a report that showed "bulging discs" and "some sciatic nerve displacement." Plaintiff was prescribed Neuronton and was given a cane. Plaintiff later reported to the doctor that his index and pinky fingers were locking up in the bent position. Plaintiff was told that the tendons were "hanging up" on the plate in his arm. Plaintiff was told that he should consider removing the plate after a year to relieve the problem. Plaintiff's prescription for Neuronton was discontinued after he returned to prison. Plaintiff submitted an inmate grievance but did not receive an answer.

///
///
///

## III.   Discussion

### A.   Eighth Amendment Claims

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

#### 1.   Use of Excessive Force

Plaintiff claims that Defendant Archuleta used excessive force against Plaintiff in violation of the Eighth Amendment. Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible

officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response. Id. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Id. at 319. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

Plaintiff admits that he was involved in a fight with another inmate. While some use of force may have been necessary to end the fight, Plaintiff alleges that Defendant Archuleta's use of force was excessive and was done maliciously and sadistically to cause harm. Plaintiff alleges that he was lying prone on the ground and had obeyed the orders given to submit to Archuleta's authority. Nonetheless, Archuleta told Plaintiff that it was "too late" and stomped on Plaintiff's back and broke Plaintiff's arm with his baton. Plaintiff states a cognizable claim against Defendant Archuleta for violation of Plaintiff's rights under the Eighth Amendment.

### 2. Medical Needs

Plaintiff claims that he has received deficient medical treatment for the injuries he sustained from Defendant Archuleta's attack. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id.

///

1  None of the prison officials named as defendants in Plaintiff's First Amended Complaint are
2  alleged to be involved with the administration of Plaintiff's medical care. Further, Plaintiff has not
3  alleged facts that suggest that the medical staff that treated Plaintiff acted with deliberate
4  indifference. Plaintiff's chief complaint appears to be that he was denied pain medication.
5  Plaintiff's Tylenol was discontinued because Plaintiff complained that it made him sick. Plaintiff
6  was not initially given Vicodin because Vicodin must first be approved by the chief medical officer.
7  In neither case was Plaintiff denied pain medication due to a deliberately indifferent response by
8  medical personnel. Plaintiff fails to state a claim under the Eighth Amendment for deliberate
9  indifference to his medical needs.

**B.   Claims Against Supervisory Personnel**

Plaintiff claims that Defendant Archuleta's supervisors should be held liable for violation of the Eighth Amendment due to their failure to train Archuleta. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff attempts to hold supervisory personnel liable for failing to train Defendant Archuleta. In order to hold supervisory personnel liable for their failure to train subordinates, a plaintiff must show that the need for more or different training was obvious and that the inadequacy was so likely to result in violations of constitutional rights that the supervisors can reasonably be said to have been deliberately indifferent to the need. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir.

6

2002) (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)).  Plaintiff must also show that the identified deficiency in the training must be closely related to the injury complained of.  Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001) (quoting City of Canton, 489 U.S. at 388-389).  Plaintiff's blank allegation that Archuleta's training was somehow deficient is not enough to state a claim against his supervisors for failing to train him.  Plaintiff has failed to identify how Archuleta's training was deficient, nor has Plaintiff alleged that the deficiency was so severe that supervisors could reasonably be said to have been deliberately indifferent to the substantial risk of constitutional violations.  Plaintiff fails to state any claims against supervisory personnel for failing to train Defendant Archuleta.

### IV.    Conclusion and Order

Plaintiff's complaint states cognizable claims against Defendant Archuleta for use of excessive force in violation of the Eighth Amendment.  Plaintiff's complaint fails to state any other claims against any other defendants.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff one (1) summons and one (1) USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P.

10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Archuleta for use of excessive force in violation of the Eighth Amendment; and

///

///

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    November 12, 2009**              **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE