# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NAPOLITANO, | CASE NO. 1:08-cv-01980-SKO PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | |
| R. ARCHULETTA, et al., | |
| Defendants. | |

Plaintiff David Napolitano ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 8, 2009, Plaintiff filed a motion requesting the Court to order prison officials at Corcoran State Prison to provide Plaintiff with copies of all his medical records. (Doc. #16.) Plaintiff's motion also requests that the Court appoint an investigator to locate and depose witnesses for Plaintiff. On November 30, 2009, Plaintiff filed a second motion requesting the Court to order Corcoran State Prison officials to provide Plaintiff with his medical records. (Doc. #19.)

It is unclear under what authority Plaintiff is requesting the Court to assist Plaintiff with obtaining his medical records. To the extent that the records in question are the types of documents that can be obtained through discovery, Plaintiff is advised that discovery has not yet begun in this case. If and when the Court issues a discovery scheduling order, Plaintiff will have the opportunity to propound document production requests on Defendant to obtain the relevant medical records. If the documents are not in Defendant's custody, Plaintiff may utilize the subpoena procedures outlined in Federal Rule of Civil Procedure 45 to obtain documents held in the custody of a non-party. The

Court will refrain from issuing any such subpoenas until it is absolutely clear that Plaintiff cannot obtain the documents through other means, such as through discovery or through an informal request.

To the extent that Plaintiff is seeking the Court's intervention through an order granting preliminary injunctive relief, the Court notes that Plaintiff is no longer housed at Corcoran State Prison. Therefore, the Court will deny Plaintiff's request for relief because it is moot. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (providing that a prisoner's claim for injunctive relief relating to prison conditions is rendered moot by his transfer to another facility).

Finally, the Court is unaware of any authority that permits the Court to hire an investigator to locate and depose witnesses for Plaintiff. Plaintiff has failed to cite, and the Court is not aware of, any constitutional, statutory, or other authority that entitles Plaintiff to the appointment of counsel or the appointment of investigators to assist him with the prosecution of this lawsuit. Therefore, Plaintiff's request will be denied.

Accordingly, it is HEREBY ORDERED that Plaintiff's motions, filed on October 8, 2009 and November 30, 2009, are DENIED.

IT IS SO ORDERED.

**Dated:   August 30, 2010**              /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE